# WAYNE GREENWALD, P.C.
*Attorneys*

475 Park Avenue South- 26th Floor
New York, New York 10016
Tel: 212-983-1922   Fax: 212-983-1965
e-mail: grimlawyers@aol.com

W. M. Greenwald

March 15, 2019

*Via* ECF Filing,
and Federal Express

Hon. Michael E. Wiles
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:  *In re Boaz Bagbag, Debtor*
  **Chapter 7, Case No. 08-12667 (MEW)**

Dear Judge Wiles:

This firm represents Summa Capital Corp. ('Summa "), in this case.  On June 10, 2010, Bankruptcy Judge Gonzalez entered a $1,212,062.40 judgment in this case in Summa's favor and against the Debtor (the "Judgment").

This letter responds to Adam Pollock's March 13, 2013 letter (the "Letter").   The Letter makes numerous misrepresentations of law and fact.  It also asks this Court to issue orders which are in appropriate.   The Letter's only proper subject is for the Court to set a hearing and briefing schedule on the Debtor's removed Petition.

**Requests for Relief**

*An Accounting*

The Letter asks for this Court to direct Summa to provide the Debtor the accounting Summa was required to provide the Pace Product Solutions, Inc.'s ("Pace") trustee. That accounting was pursuant to a 2008 stipulation in Pace Product's chapter 7 case.

That demand's threshold impropriety is that it demands relief by letter, not motion. Next, it concerns a closed case, not before Your Honor. There are other issues affecting that request. Raising them now prematurely burdens the Court with irrelevant issues. The Letter attempts exhorting an improper pre-litigation response from Summa.

The Letter contends that Summa never provided an accounting. An accounting was owed to Pace's trustee: the venerable Albert Togut. Had Summa not provided Pace's trustee with an accounting, he could not have closed that case. He did. This Debtor and Pace voiced no objection to Pace's case closing.

The accounting is important to the Debtor, now that he is accountable for the Judgment.

*Moving to Amend the Petition*

The Letter says Mr. Pollock asked me to consent to the Debtor filing an amended pleading. His request did not describe the proposed amendment. He wanted a "blank check" to do as he pleased. Consenting was irresponsible.

The Letter correctly relates my response to the request. "We considered your letter and its circumstances. We do not consent to an amended document." Not consenting to an amendment was not a reflexive response. It was considered.

The primary consideration was Judge Vyskocil's, June 6, 2018, "Order Granting Debtor's Motion to Reopen Case" (the "Order"). The Order directed, ". . . . to the extent the Debtor seeks any further relief from this Court, the Debtor shall move for such relief by no later than July 6, 2018." A copy of the Order is enclosed.

The Debtor did not address Summa's Judgment until January 2019.

The Debtor's request to amend the Petition entailed me, and now Your Honor, overruling the Order. Neither of us are positioned to do that.

**My February 26, 2019 Letter and Further Documents**

In an email from Mr. Pollock to me, he indicated that my February 26, 2019, letter offered an accounting. I corrected him. No accounting was promised.

The Letter claims I dodged the question. I dodged nothing. The Letter and Debtor's

tactics are dodgy.

My letter correcting my statement in the February 26, 2019, conference call was immediate. It also said,

> Since 2010, Summa collected nothing on the Judgment from the Debtor. However, I learned that Summa reduced its claim against its principal obligor by realizing on some collateral: accounts receivable collection litigation. I am advised that the amount collected is negligible as compared to the outstanding balance.

Enclosed are copies of checks making payments from those accounts receivable actions. They total $45,607.18. That amount is negligible as compared to the outstanding balance.

The person with access to Summa's records was out of state until this week. He is looking for any additional documents. They will be produced, if they exist.

There is no need to direct me to do anything.


**The Letter's Sophistry**

*Summa Seizing Pace's Assets?*

The Letter contends that Summa "forced Pace into bankruptcy and seized its assets." False.

Pace filed a voluntary petition for chapter 11 relief. (Petition enclosed). The case was converted to a Chapter 7 case, on the Office of the U.S Trustee's motion (the "Motion" Copy annexed). The Motion stated:

> . . . [Pace] used cash collateral post-petition without Summa's consent or Court approval and that the Debtor has operated the Debtor's business and credited the Debtor's accounts receivable through and in the name of a non-debtor subsidiary in lieu of opening a debtor-in-possession bank account . . . these actions were not disclosed to the Court, the United States Trustee and parties in interest. Therefore, due to the lack of transparency in this case, the Debtor should not be left in control of this estate.

Summa foreclosed on its collateral after obtaining relief from the automatic stay.
Summa lawfully exercised its rights after Mr. Bagbag showed his inability to comply with the law. These are not the heinous acts the Letter portrays.

*Jurisdictional Issues?*

The Letter says the Debtor is not seeking remand.  Then, it challenges this Court's jurisdiction.  Then it consents to this Court's jurisdiction.

The Letter's academic *pilpul* may be interesting.  Its context, outside of a forgone pleading, is inappropriate.  Summa reserves its response until the issue being properly before this Court.

*The State Court Foray*

The Letter claims:

> Because the bankruptcy had been closed, except for the limited reopening that is unrelated to the instant matter, and because the NY CPLR directs parties to challenge enforcement proceedings in a NY CPLR 5239 special proceeding, the debtor initially filed this proceeding in state court.

This claim avoids the facts and ignores the law.

CPLR R. 5239 does not direct "parties to challenge enforcement proceedings in a NY CPLR 5239 special proceeding."  CPLR. R. 5239 is for determining "whether a third party's claim of ownership [in property subject to execution] has been interposed as a sham in order to frustrate enforcement of the judgment *Born to Build LLC v Saleh,* No. 0023452011, 2013 WL 11007559, at *2 (Nassau. Sup.), citing, *Matter of Equilease Corp.*, 19 A.D.2d 19 (1st Dept. 1963); McKinney's Practice Commentary C5239:2.

Moreover, the Petition challenges Summa's judgment against the Debtor.  Even CPLR R. 5240's protections against oppressive judgment enforcement are not for vacating judgments.  See, *Kolortron Sys., Inc. v. Casey*, 118 A.D.2d 687, 500 N.Y.S.2d 36 (2nd Dept. 1986).

Nor was New York State court the Petition's original intended venue.  Annexed is a copy of a letter dated January 10, 2019, from the Debtor's counsel, James Shenwick, to Summa (the "Shenwick Letter").  The Shenwick Letter included a proposed complaint to be filed in this case (the "Complaint") if Summa did not release the Debtor from its Judgment by January 20, 2019.

On January 15, 2019, I responded to the Shenwick letter.  I described one of the Complaint's problems.  I also said that if the Complaint was filed, Summa would seek sanctions on the action's dismissal.

The Letter's contention is a poor excuse for the Debtor's attempt to avoid this Court's jurisdiction.

**Setting a Briefing Schedule**

The Letter wants Summa to respond to the Petition in one week. That is not reasonable or fair. After removing the Petition, Summa had to address the Debtor's frivolous arguments in communications like the Letter. The Debtor delayed and then sought further delay. Now the Debtor wants Summa to march to his drum beat because it suits him.

Summa asks for until April 1, 2019 to file its opposition to the Motion. The ten day difference does not impose on the Debtor. He retains his stay of enforcement.

Thank you for your consideration.

Respectfully,

/s/ Wayne M. Greenwald

Wayne M. Greenwald

WMG/ms
encl

cc: Adam Pollock, Esq. *Via* ECF