WAYNE GREENWALD, P.C.                     Hearing Date: May 14, 2019
*Attorneys for Respondent*                     Hearing Time: 10: 00 a.m.
*Summa Capital Corp.*
475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922
By: Wayne M. Greenwald

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                  Case No. 08-12667 (MEW)

        BOAZ BAGBAG,                          Chapter 7

                            Debtor.
_____
BOAZ BAGBAG,

                Petitioner,                      Adv. No. 19-01022 (MEW)
   - against -

SUMMA CAPITAL CORP.,

                Respondent.
-----------------------------------------------------------X

**SUMMA CAPITAL CORP.,'s OBJECTION TO BOAZ BAGBAG'S
MOTION FOR RELIEF FROM THE JUNE 10, 2010
JUDGMENT ENTERED AGAINST HIM
IN HIS BANKRUPTCY CASE
<u>WITH POINTS AND AUTHORITIES</u>**

TO:  HON.  MICHAEL E. WILES
      UNITED STATES BANKRUPTCY JUDGE

1

Summa Capital Corp., the respondent ("Summa"), by its attorneys represents:

## PRELIMINARY STATEMENT

1. Summa objects to the Debtor's, Boaz Bagbag (the "Debtor") Petition (the "Petition") seeking relief from the June 10, 2010, $1,212,062.40 judgment in this case in Summa's favor and against the Debtor (the "Judgment").

2. The Petition contends Judgement should be vacated because: a.) it is satisfied; and b.) the Debtor's attorney lacked authority to execute the stipulation agreeing to the Judgment.

3. The Petition also seeks an account from Summa liquidating its collateral from Pace Products Solutions, Inc. (the "Pace Collateral").

4. The Petition should be denied because it:

   A.) violates the June 6, 2018, Order reopening this case (the "350 Order" A copy of the 350 Order is annexed hereto and incorporated herein as Exhibit "A");

   B.) is untimely;

   C.) provides no proof that the Judgment is satisfied or reduced;

   D.) fails to satisfy Fed.R.Civ.P. 60(b)'s conditions for relief from the Judgment.

    E.)    ignores an accounting was provided previously.

## THE MOTION VIOLATES THE 350 ORDER

5. The 350 Order required:

   . . . . to the extent the Debtor seeks any further relief from this Court, the Debtor shall move for such relief by no later than July 6, 2018.

6. The Debtor first threatened to seek relief from the Judgment through an adversary proceeding, on January 10, 2019.

7. A copy of the Debtor's counsel's threatening letter (without enclosures) is annexed hereto and incorporated herein as Exhibit "B."

8. On January 30, 2019, the Debtor filed his Petition initiating this proceeding with the New York, State Supreme Court.

9. On February 13, 2019, Summa removed the Petition to this Court.

10. The Debtor was directed to modify his Petition to seek relief under Fed.R.Civ.P. 60(b) made applicable herein by Fed.R.Bankr.P. 9024.

11. Fed.R.Civ.P. 60(b) made applicable herein by Fed.R.Bankr.P. 9024 is the Debtor's only vehicle for relief from the Judgment. *Kimmel v. Labenski,* 1991 WL 73826, at *1 (S.D.N.Y.)("Accordingly plaintiffs' only vehicle for

Pg 4 of 13

relief in the district court is Rule 60(b).") *Fowlkes v. Adamec*, 622 F. App'x 76, 77 (2d Cir. 2015)( "Acordingly, his only avenue for relief lies via Rule 60(b). ) *Mloul v. New Colombia Res., Inc.*, 2018 WL 3768033, at *3 (S.D.N.Y. ).

12. A motion under Fed.R.Civ.P. 60(b) was inevitable.

13. It should have been filed before July 6, 2018.

14. It was not.

15. No motion was made for relief from the 350 Order.

16. It remains effective.

17. The 350 Order precludes the Petition.

## AN ACCOUNTING WAS PROVIDED

18. Summa's proof of claim filed in this case (the "Summa Claim") gave an account for Summa liquidating the Pace Collateral. A copy of that proof of claim is annexed hereto and incorporated herein as Exhibit "C."

19. The Trustee's Final Report in this case (ECF 117, annexed hereto as Exhibit "D") allowed the Summa Claim.

20. The allowance of the Summa Claim gives it preclusive effect to issues attempted to be raised now. See, *Trustees of Operating Engineers Local*

*324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 382-383 (6th Cir. 2019).

21. The Judgment is based on a valid claim for a correct amount.

## THE JUDGMENT REMAINS UNSATISFIED

22. The accompanying declaration of Howard Schulder attests that the Judgment is not satisfied.

23. The Petition offers no contrary evidence.

24. Mr. Schulder even identifies post-Judgment payments Summa received for which the Debtor should receive credits.

25. The Petition claims there are witnesses who know that Summa is owed less than the amount claim.

26. The Debtor has not acceded to Summa's requests for those witness' identities.

27. Regardless, Summa's allowed Claim, established the amount owed by the Debtor to Summa. *Id.*

## THE DEBTOR CANNOT BE RELIEVED FROM THE JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b)

28. Fed.R.Civ.P. 60(b), made applicable to this case by Fed.R.Bankr.P. 9024, denies the Debtor relief from the Judgment.

29. The Petition does not satisfy Fed.R.Civ.P. 60(b)'s requirements.

30. Generally, to support a motion under Rule 60(b), the movant must make an initial showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."

   *Bd. of Trustees of the Int'l Union of Operating Engineers, Local 37 Benefit Funds v. Chesapeake Crane Serv., Inc.*,, 2016 WL 1253285, at *1 (D. Md.)

31. The Petition fails at this.

### The Petition Is Untimely

32. Fed.R.Civ.P. 60( c ) requires that:

   A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

33. The most generous period is "a reasonable time."

34. The Petition is made almost nine years after the Judgment's entry.

35. Assuming the Petition invokes Fed.R.Civ.P. 60(b)(6), a "reasonable time" does not exceed six years. See, *Frommert v. Becker,* 2016 WL 9582833, at *4 (W.D.N.Y. July 29, 2016,) *HSBC Bank USA v. Hales,* 236 F.R.D. 206, 207 (S.D.N.Y. 2006).

36. Nor might the Debtor's claiming "lack of knowledge" help him.

37. The Debtor filed this case to be rid of Summa.

38. The Debtor received his notice of discharge on or about February 16, 2012 (See, ECF # 128   )

39. It would make sense to ask counsel if Summa's debt was discharged.

40. After all, that was the reason he filed.

41. Not making sure that the case accomplished what he wanted shows a lack of diligence

42. The Debtor should not benefit from his lack of diligence.

43. Upon information and belief, the Debtor learned of the Judgment through his business dealings.

44. The Debtor purports to be a successful businessman.

45. In transactions for his businesses, his financial history was probably required

and disclosed.

46. Upon information and belief, the Debtor was aware of the Judgment then.

47. He just chose to let a "sleeping dog" alone.

**Prejudice to Summa**

48. Prejudice to the non-movant is a consideration for granting relief under Fed.R.Civ.P. 60(b). *G.G.M. by & Through Mora v. Sec'y of Health & Human Servs.*, 2015 WL 1275389, at *2 (Fed. Cl. )(Discussing RCFC 60(b), which is identical to Fed.R.Civ.P. 60(b)) *Bd. of Trustees of the Int'l Union of Operating Engineers, Local 37 Benefit Funds v. Chesapeake Crane Serv., Inc.,*, 2016 WL 1253285, at *1.

49. The accompanying declaration of Howard Schulder attests that vacating the Judgment will prejudice Summa substantially

**The Judgment Was Authorized**

50. Only the Debtor says the Judgment was unauthorized.

51. That is convenient for him.

52. Mr. Katzner had "apparent authority" to sign the stipulation and consent to the Judgement.

53. Mr. Katzner represented the Debtor throughout this case, up to its first closing. the attorney's appearance at court conferences conducted pursuant to rules that require the attorney to have settlement authority.

54. The Second Circuit has the presumption "that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so." *In re Artha Mgmt., Inc.,* 91 F.3d 326, 329 (2d Cir.1996).

55. Mr. Katzner's thorough involvement in this case supports his "apparent authority." See, *In re Kollel Mateh Efraim, LLC,* 2007 WL 634079, at *11 (Bankr. S.D.N.Y.)(Some indicia)

56. Summa reasonably relied on Mr. Katzner's apparent authority.

57. Annexed hereto and incorporated herein as Exhibit "E" is a copy of the ECF docket sheet for the Debtor's case (the "Docket").

58. The Docket shows Mr. Katzner's active participation in the Debtor's case.

59. It also shows Mr. Katzner signing twenty stipulations extending parties', including Summa, time to object to the Debtor's discharge of claims and general discharge (ECF #s 25, 30, 40, 52, 56, 57, 67, 70, 73, 83, 85, 87, 88, 79, 91, 96, 97, 99, 100, 102).

60. This certainly created the impression to bind the Debtor to stipulations.

61. On June 1, 2010, Judge Gonzalez approved a stipulation excepting Uzi

Evron's, Doron Kessel's and Roni Abud's claims from discharge and granting them a money judgment (ECF # 100. The " June 1,Order").

62. The June 1 Order is annexed hereto and incorporated herein as Exhibit "F."

63. Mr. Katzner signed and agreed to the June 1 Order for the Debtor.

64. The Debtor did not sign the June 1 Order.

65. Mr. Katzner's authority to do the same with Summa, days later, was and remains apparent.

66. Summa reasonably relied on Mr. Katzner's apparent authority.

67. Accordingly, the Judgment should be upheld. *Quinones v. Police Dep't of City of New York,* No. 2012 WL 2148171, at *5–6 (S.D.N.Y.), *report and recommendation* 2012 WL 2149572 (S.D.N.Y.)

68. The Petition warrants the following admonition:

> to set aside this settlement stipulation "invites destruction of the process of open-court settlements, for every such settlement would be liable to subsequent rescission by the simple expedient of a litigant's self-serving assertion, joined in by his attorney and previously uncommunicated to either the court or others involved in the settlement, that the litigant had limited his attorney's authority.

*Vacco v. Harrah's Operating Co.*, 661 F. Supp. 2d 186, 202 (N.D.N.Y.

2009).

69. The Debtor is bound by Mr. Katzner's agreeing to the Judgment on the Debtor's behalf.

> The conduct of an attorney is imputed to his client. Allowing a party to avoid the consequences of the acts or omissions of his freely selected agent would be wholly inconsistent with our system of representative litigation in which each party is deemed bound by the acts of his lawyer-agent . . . In our adversary system, however, 'civil litigants are bound by the acts and omissions of their freely selected counsel.

*FragranceNet.com. Inc. v. FrangranceX.com, Inc.*, 2009 WL 1086909, at *3 (E.D.N.Y.)

70. Fed.R.Civ.P. 60(b):

> states that a court may relieve a party from a final judgment or order for, inter alia, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, or "any other reason that justifies relief." The relief available under Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Final judgments "should not be lightly reopened," however,

and thus relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances." Id. (internal quotation and citations omitted). To merit relief under the catch-all provision of Rule 60(b)(6), a movant must demonstrate "extraordinary circumstances justifying relief" or "extreme and undue hardship." Id. at 63 (citations omitted). "The burden is on the moving party to demonstrate that it is entitled to relief, and courts '[g]enerally ... require that the evidence in support of the motion to vacate a final judgment be highly convincing.' " *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.,* 817 F.2d 6, 9 (2d Cir. 1987) ).

*E. Sav. Bank, FSB v. Ferro,* 2018 WL 5892654, at *2 (E.D.N.Y.) .

71. The Debtor's Petition fails to meet its burden,

72. It should be denied.

**WHEREFORE,** Summa asks this Court to issue orders: a.) denying the Motion; b.) awarding Summa its costs, disbursements and attorneys' fees in defending against the Motion; and c.) granting such other and further relief as this Court

deems proper.

Dated: New York, NY
      April 18, 2019

                                      WAYNE GREENWALD, P.C.
                                      *Attorneys for Respondent*
                                      *Summa Capital Corp.*
                                        475 Park Avenue South - 26th Floor
                                        New York, NY 10016
                                        212-983-1922


                                        By: /S/ Wayne M. Greenwald, Pres
                                               Wayne M. Greenwald