**WAYNE GREENWALD, P.C.**
*Attorneys for Respondent*
*Summa Capital Corp.*
475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922
By: Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| In re | Case No. 08-12667 (MEW) |
| BOAZ BAGBAG, | Chapter 7 |
| Debtor. | |
| _____ | |
| BOAZ BAGBAG, | |
| Petitioner, | Adv. No. 19-01022 (MEW) |
| - against - | |
| SUMMA CAPITAL CORP., | |
| Respondent. | |

-----------------------------------------------------------X

**DECLARATION OF HOWARD SCHULDER
OPPOSING BOAZ BAGBAG'S MOTION
FOR RELIEF FROM THE JUNE 10, 2010
JUDGMENT ENTERED AGAINST HIM
<u>IN HIS BANKRUPTCY CASE</u>**

TO:   HON.  MICHAEL E. WILES
         UNITED STATES BANKRUPTCY JUDGE

Howard Schulder declares:

- 1 -

1. I am the President of Summa Capital Corp., the respondent ("Summa") and have personal knowledge of the facts stated herein.

## PRELIMINARY STATEMENT

2. I submit this declaration in opposition to the Debtor's, Boaz Bagbag (the "Debtor") motion (the "Motion") seeking relief from the June 10, 2010, $1,212,062.40 judgment in this case in Summa's favor and against the Debtor (the "Judgment").

3. This Declaration addresses:

    a.)   payments received by Summa since the Judgment;

    b.)   prejudice to Summa, if the Judgment is vacated.

## POST JUDGMENT PAYMENTS

4. After a diligent search, Summa's books and records show the following payments, received by Summa, on account of its secured claim against Pace Auto Products, Inc., and the Debtor.

    2011       $20, 270.73

    2014       $22, 007.18

    2017       $23, 600.00

   Total  $65, 877.91[1]

5. Thus, the Judgment's principal balance (exclusive of accrued interest and attorneys' fees) is $1,146,184.49, which remains due and unpaid.

6. This declaration responds to the Debtor's previously filed papers which offer no proof of him being entitled to any other credit against that sum.

7. There is no evidence showing the Debtor does not owe Summa $1,146,184.49.

## PREJUDICE TO SUMMA

8. My understanding is that the Debtor must show that granting his Motion will not prejudice Summa.

9. Granting the Motion will prejudice Summa.

10. Summa's claim is based on a 2006 transaction.

11. Summa pressed for its claim to be excepted from discharge due to the Debtor's frauds.

12. The Debtor filed this case in 2008.

13. During this case, the Debtor and Summa agreed, several times, to extend

---

[1] Summa had its collection attorneys investigate receivables collected. They report collecting $16,094.70 in 2010. Summa cannot determined whether any portion of that collection was obtained after the Judgment.

Summa's time to object to the Debtor's discharge through this case and the discharge of Summa's claim against the Debtor.

14. The Judgment was entered against the Debtor on June 10, 2010.

15. Summa's need to preserve the evidence of the Debtor's frauds ended, then.

16. Since June 10, 2010, evidence which could be used against the Debtor has been lost, destroyed or misplaced.

17. Vacating the Judgment would require litigating its objection to its claim's discharge, severely handicapped.

18. The Debtor attempting to revoke his Court ordered stipulation and Judgment was, and remains, unthinkable.

19. Likewise, people familiar with the facts are no longer available.

20. Plus, we anticipate the Debtor claiming that Summa's time to object to Debtor's discharge or discharging its claim is passed.

21. Vacating the Judgment prejudices Summa severely.

**Creditor Remedies Prejudiced**

22. Summa mustering its evidence against the Debtor to challenge the discharge of its claim is one obstacle.

23. Obtaining a new judgment creates new problems.

24. Summa was advised that since 2010, the Debtor engaged in asset protection.

25. A new judgment against the Debtor may lack the Judgment's standing to attack the transfers.

26. This is unfair prejudice.

27. I declare the preceding statement of facts to be true and correct to the best of my knowledge, information and belief under penalties of perjury pursuant to 28 U.S.C. § 1746.

**WHEREFORE,** Summa asks this Court to issue orders: a.) denying the Motion; b.) awarding Summa its costs, disbursements and attorneys' fees in defending against the Motion; and c.) granting such other and further relief as this Court deems proper.

Dated: Boca Raton, FL
     April 18, 2019

                            /s/ Howard Schulder
                            Howard Schulder