**SHENWICK & ASSOCIATES**
**122 E**AST **42**ND **S**TREET**, S**UITE **620**
**N**EW **Y**ORK**, NY  10168**
**T**ELEPHONE:**(212) 541-6224**
**F**AX**: (646) 218-4600**
**C**ELL**: (917) 363-3391**
Email: jshenwick@gmail.com
Website: http://sites.google.com/site/jshenwick
Blog: http://shenwick.blogspot.com

January 10, 2019

**Via e-mail to** howard@summacapital.com
Howard Schulder, Esq.
President
Summa Capital Corp.
Empire State Building
350 Fifth Avenue, Suite 7612
New York, NY 10118

     Re:    In re Bagbag, Case No. 08-12667-mew, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")

Dear Howard,

This law firm represents Boaz Bagbag (the "Debtor").  The Debtor has indicated that he was recently contacted regarding the payment of a judgment entered on June 10, 2010 that your company, Summa Capital Corp. ("Summa") obtained against the Debtor in the above–referenced bankruptcy case.  The Debtor's position is that Summa's judgment was fully satisfied through the sale of Pace Product Solutions, Inc. ("Pace")'s inventory and the collection of its accounts receivable, and that no monies are due and owing to Summa from the Debtor, notwithstanding the judgment.

It should be noted that: (1) the Debtor did not receive notice of the auction pursuant to NY Uniform Commercial Code ("UCC") § 9-611 (which is not waivable prior to default pursuant to NY UCC § 9-624(a); (2) the auction was not held in a commercially reasonable manner; (3) the Debtor alleges that Summa sold Pace's inventory and did not account for its sales in offsetting the judgment against him; (3) the auctioneer and Summa did not prepare an accounting of the auction sale as required by a stipulation and foreclosure order so ordered by the Bankruptcy Court or identify the amount of monies generated by the sale of Pace's inventory; and (4) since the sale of Pace's inventory and collection of its accounts receivable should have generated sufficient monies to pay the monies due Summa, no monies are due or owing from the Debtor to Summa.

This law firm has reviewed the files and Pacer filings for the Debtor's and Pace's bankruptcy filings, and we believe that no monies are owed by the Debtor to Summa.

1

With respect to another creditor, this law firm made a motion to reopen the Debtor's bankruptcy case, which was entered on June 6, 2018 [Doc. No. 58], and if this matter cannot be resolved (with Summa providing the Debtor with a release) within ten (10) days from the date of this letter, we will commence an adversary proceeding against Summa for proposed findings of fact and conclusions of law: (1) ordering Summa to provide a full accounting of its claim against the Debtor and any offsetting amounts collected from Pace and Worldwide Flash Auto Parts, Inc. ("Flash")'s inventory and accounts receivable, including, but not limited to, the proceeds from Summa's public auction of Pace's assets on Oct. 16, 2008; (2) for a declaratory judgment that there is a rebuttable presumption that Summa's public auction of Pace's assets was not held in a commercially reasonable manner; (3) for a declaratory judgment that since there is a rebuttable presumption that the auction was not held in a commercially reasonable manner, there is a rebuttable presumption that no monies are due or owing from Debtor to Summa; (4) issuing an injunction barring Summa's collection of its judgment against the Debtor until it can successfully rebut the presumption that the public auction was not held in a commercially reasonable manner in the Bankruptcy Court or a New York court of competent jurisdiction; and (5) authorizing discovery of Summa's loans to Pace, the value of Pace's inventory and accounts receivable and Summa's disposition of Pace's assets.

For your review, attached please find a draft of a Summons and Complaint by the Debtor against Summa and an affidavit by the Debtor. Your attention to this matter is appreciated.

        Sincerely,
        /s/ James H. Shenwick

Attachments