WAYNE GREENWALD, P.C.           Hearing Date: July 24, 2019
*Attorneys for Respondent*           Hearing Time: 10: 00 a.m.
*Summa Capital Corp.*
475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922
By: Wayne M. Greenwald

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                         Case No. 08-12667 (MEW)

        BOAZ BAGBAG,                       Chapter 7

                             Debtor.
_____
BOAZ BAGBAG,

               Petitioner,                       Adv. No. 19-01022 (MEW)
    - against -

SUMMA CAPITAL CORP.,

               Respondent.
-----------------------------------------------------------X

                  SUMMA CAPITAL CORP., 's OBJECTION
                TO BOAZ BAGBAG'S MOTION FOR ORDERS
        AUTHORIZING HIM TO FILE AN AMENDED COMPLAINT
                    <u>WITH POINTS AND AUTHORITIES</u>

TO:  HON. MICHAEL E. WILES
      UNITED STATES BANKRUPTCY JUDGE

    Summa Capital Corp., the respondent ("Summa"), by its attorneys

1

represents:

## **PRELIMINARY STATEMENT**

1. Summa objects to the Debtor's, Boaz Bagbag's (the "Debtor") motion seeking orders, pursuant to Fed.R.Civ.P. 15, made applicable herein by Fed.R.Bankr.P. 7015, authorizing him to file an amended complaint(the "Amended Complaint") in this proceeding (the "Motion").

2. The Motion should be denied because the Amended Complaint is a "futility" as:

   A.) it and the Motion violate the June 6, 2018, Order reopening this case (the "350 Order" A copy of the 350 Order is annexed hereto and incorporated herein as Exhibit "A");

   B.) the Debtor lacks standing to demand an accounting from Summa;

   C.) fails to comply with Fed.R.Civ.P. 9(b) made applicable herein by Fed.R.Bankr.P 7009;

   D.) fails to comply with Fed.R.Bankr.P 7008;

   E.) is time barred;

   F.) is negated by admissions of Daniel Katzner's authority to bind the Debtor to his Stipulation and Judgment in Summa's favor;

   G.) is negated by proof that Daniel Katzner's apparent authority to bind

  the Debtor to his Stipulation and Judgment in Summa's favor;

 H.) is negated by proof that the Debtor received notice of Summa's collateral's sale;

 I.) Summa's claim against the Debtor and its amount are subject to res judicata;

 J.) and the Motion are in bad faith;

 K.) alleges no new facts purportedly derived from discovery.

3. For these same reasons, the Court should deny the Debtor's Petition

4. These matters are elucidated herein.

## THE MOTION SHOULD BE DENIED AS THE PROPOSED AMENDED COMPLAINT, LIKE THIS ACTION, IS A FUTILITY

**Denying Motions to Amend**
**Futile Amended Complaints**

5. It has been long accepted that leave to amend may be denied when "the amendment would not serve any purpose . . . [or present] 'at least colorable grounds for relief.' " *Kaster v. Modification Systems, Inc.*, 731 F.2d 1014, 1018 (2d Cir.1984) (*citing S.S. Silberblatt, Inc. v. East Harlem Pilot Bldg. 1 Hous. Dev. Fund Co. Inc.*, 608 F.2d at 42). See, e.g., *Ruffolo v. Oppenheimer*

        *& Co.*, 987 F.2d at 131–32; *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198–99 (2d Cir.1989); *Arbitron Co. v. Tropicana Product Sales, Inc.*, 91 Civ. 3697, 1993 WL 138965 at *2–3 (S.D.N.Y. April 28, 1993).

6. This issue usually arises when a defendant opposes an amendment because it fails to state a cognizable claim. See, e.g., *Ryder Energy Distribution v. Merrill Lynch Commodities,* 748 F.2d 774, 783 (2d Cir.1984); *S.S. Silberblatt, Inc. v. East Harlem Pilot Bldg. 1 Hous. Dev. Fund Co. Inc.*, 608 F.2d at 42.

7. This is comparable to the analysis required by Fed.R.Civ.P. 12(b)(6). See, e.g., *Benfield v. Mocatta Metals Corp.*, 91 Civ. 8255, 1992 WL 177154 at *1 *Bankers Trust Co. v. Weinick, Sanders & Co.*, Not Reported in F.Supp. (1993) 1993 WL 478124. 3 (S.D.N.Y. July 13, 1992) ("If a proposed amendment would be insufficient to withstand a motion to dismiss, it is futile and leave to amend should be denied"); accord, *Sommer v. PMEC Assoc. & Co.*, 88 Civ. 2537, 1993 WL 361660 at *3 (S.D.N.Y. Sept. 14, 1993); *New York State Ass'n of Career Schools, Inc. v. State Educ. Dep't of State of New York*, 142 F.R.D. 403, 405 (1992); *Deem v. Lockheed Corp.*, 749 F.Supp. 1230, 1235 (S.D.N.Y. 1989); *Ragin v. Harry Macklowe Real Estate Co.*, 126 F.R.D. 475, 478 (S.D.N.Y.1989); *Northwestern Nat'l Ins. Co. v. Alberts*,

717 F.Supp. 148, 153 (S.D.N.Y.1989); 3 J. Moore, Moore's Federal *Practice* ¶ 15.08 [4] at 15–81 to –82 (2d ed. 1993). See also, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001), `*Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 260 (2d Cir. 2002)(Allowing amendment with futile pleading reversible error).

8. A proposal to amend a complaint is futile if the proposed amended complaint would fail to state a claim on which relief could be granted. *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir.2002); see also *Gorham–DiMaggio v. Countrywide Home Loans, Inc.,* 421 Fed.Appx. 97, 101 (2d Cir.2011) (summary order). The question whether an amendment would be futile is therefore governed by the same standard that applies to whether an already-filed pleading states a claim. *Dougherty, 282 F.3d at 88; Rodriguez v. New York City Police Dep't,* No. 10–cv–891, 2011 WL 5057205, at *3, 2011 U.S. Dist. LEXIS 122871, at *7–8 (S.D.N.Y. Oct. 24, 2011). Under that standard, the proposed amended complaint must contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), such

that those allegations, if accepted as true, "state a claim for relief that is plausible on its face." *South Cherry St. LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir.2009) (emphasis in original).

*Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012).

9. That is the case here.

10. The Amended Complaint cannot survive a motion under Fed.R.Civ.P. 12(b).

11. Neither can the Petition.

## THE MOTION VIOLATES THE 350 ORDER

12. The 350 Order required:

    . . . . to the extent the Debtor seeks any further relief from this Court, the Debtor shall move for such relief by no later than July 6, 2018.

13. The Debtor first threatened to seek relief from the Judgment through an adversary proceeding, on January 10, 2019.

14. On January 30, 2019, the Debtor filed his Petition initiating this proceeding with the New York, State Supreme Court.

15. On February 13, 2019, Summa removed the Petition to this Court.

16. The Debtor was directed to modify his Petition to seek relief under

6

Fed.R.Civ.P. 60(b) made applicable herein by Fed.R.Bankr.P. 9024.

17. Fed.R.Civ.P. 60(b) made applicable herein by Fed.R.Bankr.P. 9024 is the Debtor's only vehicle for relief from the Judgment. *Kimmel v. Labenski,* 1991 WL 73826, at *1 (S.D.N.Y.)("Accordingly plaintiffs' only vehicle for relief in the district court is Rule 60(b).") *Fowlkes v. Adamec*, 622 F. App'x 76, 77 (2d Cir. 2015)( "Acordingly, his only avenue for relief lies via Rule 60(b). ) *Mloul v. New Colombia Res., Inc.,*2018 WL 3768033, at *3 (S.D.N.Y. ).

18. A motion under Fed.R.Civ.P. 60(b) was inevitable.

19. It should have been filed before July 6, 2018.

20. It was not.

21. No motion was made for relief from the 350 Order.

22. It remains effective.

23. The 350 Order precludes the Petition and the Amended Complaint.

## **THE DEBTOR LACKS STANDING TO DEMAND AN ACCOUNTING**

24. The Debtor complains that Summa failed to provide the Trustee in his entity, Pace Products Solutions' ("Pace") case an accounting as provided by the stipulation between Summa and that Trustee.

7

25. If Summa did not provide the accounting, the Trustee, not the Debtor has standing to complain.

26. The Debtor was not a party to the stipulation.

27. He lacks standing to enforce it.

28. In the context of a contract dispute, only parties to the contract and intended third-party beneficiaries of the contract have prudential standing to appear and enforce agreements. See *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (holding that a non-party to some contract lacks standing in a contract proceeding to enforce the agreement unless unequivocal term's clearly evidence an intent to permit such standing). Put differently, a non-party to a contract that does not contain unambiguous language manifesting an intent to make the non-party a beneficiary of that contract lacks prudential standing to litigate issues related to that contract. See id. (explaining that "[a] non-party to a contract governed by New York law lacks standing" in a contract proceeding "in the absence of terms that clearly evidence an intent to permit" such standing) (citation omitted); see also *Hillside Metro Assoc., LLC v. JPMorgan Chase Bank, N.A.*, 747 F.3d 44, 48–49 (2d Cir. 2014) (applying the third

party beneficiary theory, and holding that a plaintiff—suing for breach of a lease—who is "neither a party nor a third-party beneficiary" of the contract at issue, "does not have prudential standing"); *Shea v. Royal Enters., Inc.*, 2011 WL 43460, at *3 (S.D.N.Y. Jan. 6, 2011) (holding that a non-party lacked standing to assert the "Statute of Frauds" defense and challenge the enforceability of lease agreement); *In re Old Carco LLC*, 500 B.R. at 692 (holding that a non-party to a stipulation lacked prudential standing to assert claims thereunder and noting that "[u]nder general contract rules, a non-party to a contract who is not an intended beneficiary cannot enforce the contract or recover for its breach") (citations omitted).

*In re Motors Liquidation Co.*, 580 B.R. 319, 340–41 (Bankr. S.D.N.Y. 2018).

29. The Amended Complaint's and Petition's claims are futile, not viable.

## **NO CLAIM FOR AN ACCOUNTING IS STATED**

30. A claim for an accounting must allege facts showing:

    (1) that defendant, as agent or trustee, has been entrusted in a confidential relation with money or property;

9

(2) that the money or property entrusted to defendant imposed upon him the burden of accounting to plaintiff for it;

(3) that plaintiff has no adequate legal remedy and

(4) in some cases, that a demand for an accounting has been made and defendant has refused to account.

*Am. Inst. for Mental Studies v. Brinn*, No. 1985 WL 1424, at *5 (S.D.N.Y.) supplemented, No. 83 CIV. 6475-CSH, 1985 WL 1667 (S.D.N.Y.), citing, *300 Broadway Realty Corp. v. Kommit*, 37 Misc.2d 325, 235 N.Y.S.2d 205, 206 (Sup.Ct. Albany County 1962).

31. The Amended Complaint and Petition fail to show that:

(1) that Summa as the Debtor's agent or trustee, was entrusted in a confidential relation with money or property;

(2) that the money or property entrusted to Summa imposed upon Summa the burden of accounting to the Debtor.

## THE AMENDED COMPLAINT FAILS TO COMPLY WITH FED.R.CIV.P. 9(b)

32. The Amended Complaint (¶ 72) alleges a scheme by Summa to defraud.

33. The Debtor has repeatedly claimed that Summa defrauded this Court.

34. Each of the Amended Complaint's causes of action "repeats and re-alleges all previous paragraphs with the same force and effect as if the same were set forth more fully at length." See: Amended Complaint: ¶s 99, 107, 111, 113

35. Accordingly, Fed.R.Civ.P. 9(b)'s enhanced pleading requirements apply to the Amended Complaint.

36. However, the Amended Complaint fails the requirements.

**Entire Complaint on Information and Belief**

37. The Amended Complaint's second paragraph on its first page states:

    "The claims asserted herein are based on the facts and information set forth below and upon information and belief, unless otherwise stated."

38. This convoluted statement makes it appear that the facts and information stated in the Amended Complaint are upon information and belief unless stated otherwise.

39. The entire complaint is prefaced by that familiar phrase "upon information and belief." The general rule in this circuit is that Rule 9(b) pleadings cannot be based on "information and belief." *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir.1972).

    *Leslie v. Minson*, 679 F. Supp. 280, 282 (S.D.N.Y. 1988).

40. The Amended Complaint does not provide the basis for its information and belief.

41. Accordingly, the Amended Complaint is inadequate and futile. *Id.*

## THE AMENDED COMPLAINT FAILS TO COMPLY WITH FED.R.BANKR.P 7008

42. Fed.R.Bankr.P 7008 applies Fed.R.Civ.P. 8 to this proceeding.

43. Fed.R.Civ.P. 8 requires:

> a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

44. The Amended Complaint (¶ 13) asserts jurisdiction only under 28 U.S.C. § 1334(b).

45. Based on this allegation, the District Court, not the Bankruptcy Court, has jurisdiction over this action.

46. Thus, this allegation of jurisdiction is inadequate.

47. Fed.R.Bankr.P 9008 also requires:

> In an adversary proceeding before a bankruptcy court, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a

statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court.

48. The Amended Complaint omits this mandatory statement.

49. The Amended Complaint is defective and futile.

50. Summa recognizes that some courts permit an amended pleading instead of dismissing an action with a complaint having this defect.

51. However, that anticipates another amendment to this Amended Complaint.

52. This Amended Complaint cannot be approved.

53. It is a futility.

## **THE AMENDED COMPLAINT'S CLAIMS ARE TIME BARRED**

54. The Amended Complaint seeks orders vacating the June 10, 2010, judgment which granted Summa a non-dischargeable judgment against the Debtor (the "Judgment").

55. The Debtor began his attack on the Judgment on February 5, 2019.

56. That's almost nine years after the Judgment was entered.

## The Petition and Amended Complaint Are Untimely

57. Fed.R.Civ.P. 60( c ) requires that:

    A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

58. The most generous period is "a reasonable time."

59. The Petition is made almost nine years after the Judgment's entry.

60. Petition and Amended Complaint invoke Fed.R.Civ.P. 60(b)(6), a "reasonable time" does not exceed six years. See, *Frommert v. Becker,* 2016 WL 9582833, at *4 (W.D.N.Y. July 29, 2016,) *HSBC Bank USA v. Hales,* 236 F.R.D. 206, 207 (S.D.N.Y. 2006).

61. The Debtor, through his attorney, knew about the stipulation and Judgment.

62. It was no surprise.

63. The Petition and Amended Complaint are untimely futilities.

64. The Motion should be denied.


## THE DEBTOR'S EVIDENCE NEGATES THE AMENDED COMPLAINT'S CONTENTIONS

65. The Amended Complaint and Petition rest on two fallacies:

    a.)  the Debtor did not get notice of Summa's sale of its collateral; and

    b.)    the Debtor did not consent to the Judgment.

66.    The Debtor's own evidence refutes these contentions.

*__Notice of the Sale__*

67.    Annexed hereto and incorporated herein as Exhibit "B" is a copy of an email chain between Summa's counsel, the Debtor's counsel and the Debtor.

68.    Summa's counsel gave the Debtor's counsel notice of the collateral's sale.

69.    The Debtor's counsel then forwarded that notice to the Debtor.

70.    The Debtor acknowledge receipt.

*__Authorization of the Stipulation and Judgment__*

71.    Annexed hereto and incorporated herein as Exhibit "C" is a copy of an email chain between the Debtor's counsel and the Debtor.

72.    The Debtor's counsel discussed with the Debtor the proposed stipulation with Summa.

73.    After a series of answered questions, the Debtor authorized his attorney to enter into the stipulation with Summa.

*Apparent Authority*

74. Annexed hereto and incorporated herein as Exhibit "D" is a copy of an email chain between Summa's counsel and the Debtor's counsel concerning the proposed stipulation between Summa and the Debtor.

75. The Debtor's counsel advises Summa's counsel that the Debtor agreed to the stipulation with Summa, but certain amendments were wanted.

76. Summa agreed to the Debtor's request.

77. Summa relied on the Debtor's counsel's apparent authority to enter into the stipulation and grant the Judgment. See, *In re Artha Mgmt., Inc.,* 91 F.3d 326, 329 (2d Cir.1996) (The Second Circuit presumes "that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so ")

78. The facts render the Amended Complaint a futility even further.

## SUMMA'S CLAIM AGAINST THE DEBTOR AND ITS AMOUNT ARE SUBJECT TO *RES JUDICATA*

79. Summa's proof of claim filed in this case (the "Summa Claim") gave an account for Summa liquidating the Pace Collateral. A copy of that proof of claim is annexed hereto and incorporated herein as Exhibit "E."

80. The Trustee's Final Report in this case (ECF 117, annexed hereto as Exhibit

"F") allowed the Summa Claim.

81. The allowance of the Summa Claim gives it preclusive effect to issues attempted to be raised now. See, *Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contract efing, Inc.*, 919 F.3d 368, 382-383 (6th Cir. 2019).

82. The Judgment is based on a valid claim for a correct amount.

83. The Amended Complaint's and Petition's claims and contentions are precluded by *res judicata.*

84. The Amended Complaint is a futility.

85. The Motion should be denied.


**THE AMENDED COMPLAINT AND MOTION ARE IN BAD FAITH**

86. The Motion and Amended Complaint are the latest obstacle to this Court addressing the merits of the Debtor's Petition, or lack thereof.

87. This case has seen the Debtor seeking or causing the need for several extensions of time and adjournments of this matter's trial.

88. The Debtor ignored deadlines for discovery and a proposed pre-trial order.

89. The Debtor filed this Motion just days before the scheduled trial. *Peck v. Public Service Mut. Ins. Co.*, D.Conn.2005, 229 F.R.D. 48 (Leave to amend

answer denied where party did not move to amend until four business days prior to trial).

90. The Motion misrepresents facts.

91. It claims that the Debtor did not serve an amended pleading and Summa did not file an answer.

92. On April 19, 2019, (ECF entry #16) Summa filed its "Opposition to Petition."

93. Similarly, the Debtor amended and supplemented his Petition to incorporate Fed.R.Civ.P. 60(b).

94. Nor does the Amended Complaint offer anything different or previously unavailable to the Debtor.

95. The Debtor claims it wants the Amended Complaint due to discovery it received.

96. However, the Amended Complaint offers nothing truly new.

97. There is nothing that the Debtor did not have available to him when he filed the Petition.

98. The Motion does not describe how the Amended Complaint benefits from recent discovery. See, *Williams v. Savage*, 569 F.Supp.2d 99 (D.D.C.2008), *GSS Properties, Inc. v. Kendale Shopping Center, Inc*., 119 F.R.D. 379

(M.D.N.C.1988) (Amended complaint not allowed where party had information when action began).

99. The Debtor's conduct evidences bad faith.

100. It is his continued effort to hinder and delay Summa's enforcing its Judgment, without a valid reason.

## **THE COURT SHOULD DISMISS THIS PROCEEDING *SUA SPONTE***

101. This opposition to the Motion shows that the Amended Complaint and the Petition are futilities.

102. In the absence of a formal motion to dismiss, a court may, in its discretion, dismiss such claims *sua sponte. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (a district court "has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted"); *In re September 11 Litig.*, 640 F. Supp. 2d 323, 337 (S.D.N.Y. 2009) (same); *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 146-47 (S.D.N.Y. 2000) (district courts have "discretion to dismiss claims *sua sponte* pursuant to Rule 12(b)(6), particularly where it is clear that a plaintiff could not have prevailed on the facts as alleged in the complaint" and can do so as to defendants who have not moved for dismissal); *Pino v. Ryan*, 49 F.3d 51,

53-54 (2d Cir. 1995) (*sua sponte* dismissal of claims is also appropriate if it appears from the face of the complaint that the action is barred, for example by expiration of the statute of limitations).

103. There is every reason to deny the Motion and dismiss this proceeding *sua sponte.*

**WHEREFORE,** Summa asks this Court to issue orders: a.) denying the Motion; b.) awarding Summa its costs, disbursements and attorneys' fees in defending against the Motion; c.) dismissing this action *sua sponte;* and d.) granting such other and further relief as this Court deems proper.

Dated: Greer, SC
      July 18, 2019

                                   WAYNE GREENWALD, P.C.
                                   *Attorneys for Respondent*
                                   *Summa Capital Corp.*
                                   475 Park Avenue South - 26th Floor
                                   New York, NY 10016
                                   212-983-1922


                                   By: /S/ Wayne M. Greenwald, Pres
                                          Wayne M. Greenwald